## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 DEC 30  A 9: 29

U.S. DISTRICT COURT
DISTRICT OF MASS.

SCANNED
DATE: 1|3|06
BY:

LITTLETON MILLWORK, INC.,      **05**

Plaintiff,

v.

CONCORD LUMBER CORPORATION d/b/a
LITTLETON MILLWORK,

Defendant.

Civil Action No.:

CA 12613 MEL

RECEIPT # 69213
AMOUNT $ 250.00
SUMMONS ISSUED 2
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. M.P.
DATE 12/30/05

MAGISTRATE JUDGE RBC

## COMPLAINT

Plaintiff, Littleton Millwork, Inc., brings this action against defendant, Concord Lumber Corporation d/b/a Littleton Millwork, in law and equity, for declaratory judgment, trademark infringement, false designation of origin, false and misleading representation, false description, dilution, unfair competition, cybersquatting, and unfair and/or deceptive acts or practices arising out of, among other things, defendant's infringement of plaintiff's LITTLETON MILLWORK mark and business name, in violation of the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. §1051 *et seq*.) and state law.

### PARTIES

1.     Littleton Millwork, Inc. is a New Hampshire corporation having an address and principal place of business at 44 LaFayette Avenue, Littleton, NH 03561, registered to do business in Massachusetts since 1998.

2. Upon information and belief, Concord Lumber Corporation is a Massachusetts corporation having an address and principal place of business at 55 White Street, Littleton, MA 01460. Defendant does business as Littleton Millwork.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §1338(a), and 15 U.S.C. §1121. The Court has supplemental jurisdiction over the state law and common law claims under 28 U.S.C. §1367(a).

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b).

## STATEMENT OF FACTS

5. Littleton Millwork was established in 1967, as a diversified architectural woodworking company for residential and commercial buildings. Each project is carefully surveyed and developed with the emphasis placed on coordination with the architect, contractor and owner to produce a high quality professional product. Since that date, it has sold its custom-made architectural woodwork and millwork products and design services under the mark LITTLETON MILLWORK and the business names Littleton Millwork Corp. and Littleton Millwork, Inc. Millwork is primarily non-structural woodwork that goes into buildings, such as mouldings, trim, cabinetry, staircases and related stair work, windows, doors, and the like.

6. Plaintiff was incorporated as Littleton Millwork, Inc. in New Hampshire in 1991 and has since continued to use the mark LITTLETON MILLWORK in connection with cabinets, cabinetwork, architectural millwork, custom-made architectural woodwork and millwork products, and architectural woodwork and millwork design services.

- 2 -

7.     Plaintiff has been using the LITTLETON MILLWORK mark and its business name extensively in various New England states, including, among others, New Hampshire and Massachusetts, with respect to custom-made architectural woodwork and millwork products and related services.

8.     Plaintiff's LITTLETON MILLWORK mark is inherently distinctive to the public, and serves primarily as a designator of origin of custom-made architectural woodwork and millwork products and related services emanating from plaintiff.

9.     Plaintiff consistently and continuously has used the LITTLETON MILLWORK mark in connection with and to identify its goods and services as described herein and to distinguish said products and services from similar products and services offered by other companies in various New England states as described above.

10.     As a result of the widespread use and display of the LITTLETON MILLWORK mark by plaintiff (a) the public and the trade use them to identify and refer to plaintiff's products and services, (b) the public and the trade recognize that such designation refers to high quality custom-made architectural woodwork and millwork products and related services emanating from a single source, plaintiff, and (c) the LITTLETON MILLWORK mark has built up secondary meaning and extensive goodwill.

11.     In or about 1997, plaintiff received some inquiries at a trade show concerning a Littleton Millwork company located in Massachusetts. Plaintiff undertook some investigation through a Massachusetts attorney but did not find an entity known as Littleton Millwork in Massachusetts. As a result, plaintiff believed that there was no such business in actual existence. Indeed, there was neither a d/b/a registration on file

- 3 -

with the Town of Littleton, Massachusetts nor any incorporation records for Littleton Millwork available at the Massachusetts Secretary of State Office.

12.    Defendant did not register in Massachusetts to do business under the Littleton Millwork name until in or about September 2000, over two years after plaintiff registered to do business in Massachusetts in March 1998.

13.    Defendant currently does business as Littleton Millwork. On information and belief, defendant does business under that name in various New England states, including Massachusetts and New Hampshire.

14.    Defendant claims to have been doing business under the Littleton Millwork name and/or using the LITTLETON MILLWORK mark since 1993. It was not until sometime in early 2000, however, that plaintiff actually became aware that another entity apparently was selling similar goods and rendering similar services in states where plaintiff was selling goods and rendering services under the LITTLETON MILLWORK mark.

15.    Plaintiff's use of the LITTLETON MILLWORK mark and business name predates defendant's use, both in individual states, such as Massachusetts and New Hampshire, and in interstate commerce.

16.    Defendant has infringed plaintiff's mark, both in individual states and in interstate commerce, by various acts, including, without limitation, (a) the selling, offering for sale, promotion and advertising of millwork products and related services under the name "LITTLETON MILLWORK" of a type virtually identical to the type of goods and services offered by plaintiff (though, upon information and belief, not of the same high quality associated with the goods and services provided by plaintiff) (b) the

- 4 -

registration of the domain name www.littletonmillwork.com in or about May 2001 and the operation of a Internet web site at www.littletonmillwork.com since, upon information and belief, in or about March 2004, (c) prominently displaying, advertising, and promoting goods and services under the LITTLETON MILLWORK mark, and (d) using plaintiff's business name, Littleton Millwork, Inc., on defendant's web site even though defendant was not, and has never been, incorporated under that name.

17.    In connection with the operation of an Internet Web site prominently displaying, advertising, and promoting goods and services under the LITTLETON MILLWORK mark, defendant not only has used plaintiff's LITTLETON MILLWORK mark, but it wrongfully used plaintiff's business name in an attempt to divert consumer interest and sales to itself by leading the public to believe that it, defendant, was actually plaintiff, Littleton Millwork, Inc. Defendant's web site did not provide the location of "Littleton Millwork" or even mention defendant until the "Contact Us" page. Indeed, from the homepage, the public certainly would think the companies were one and the same, particularly given defendant's conspicuous use of plaintiff's LITTLETON MILLWORK's mark on the web site and the identity of goods and services. Defendant had no legitimate right to use plaintiff's business name, Littleton Millwork, Inc., and its use of it is not only misleading, but an unfair and deceptive act and practice. Although defendant ultimately removed the reference to plaintiff's business name on defendant's web site, it was not until the name Littleton Millwork, Inc. had been displayed for close to a year, and only after numerous urgings by plaintiff.

18.    Defendant's use of the LITTLETON MILLWORK mark and plaintiff's business name in connection with its millwork products and related services is without

- 5 -

permission or authority of plaintiff and said use is likely to cause confusion (including, but not limited to, initial interest confusion), to cause mistake and/or to deceive as to, among other things, the affiliation, connection or association of defendant with plaintiff and as to the origin, sponsorship, or approval of defendant's products and commercial activities by plaintiff.

19.    As a result of defendant's wrongful conduct, there already has been and continues to be confusion, including that of customers who had been diverted to defendant's web site when in fact they had been looking for plaintiff's site and of vendors. Indeed, plaintiff has received misdirected invoices from vendors.

20.    Defendant's use of the LITTLETON MILLWORK mark and plaintiff's business name in connection with its millwork products and related services has been made notwithstanding plaintiff's well-known and prior established rights in said mark and name and with both actual and constructive notice of plaintiff and its mark. Indeed, in 1993, prior to defendant adopting the LITTLETON MILLWORK mark and plaintiff's business name, defendant was a vendor on a project in Concord, Massachusetts with plaintiff.    Plaintiff was the lead millwork subcontractor and was responsible for reviewing millwork invoices for the contractor.   On information and belief, defendant was aware of plaintiff and its business name and mark at least as of that date. Defendant thereabout, by its own admission, claims to have adopted the same business name and mark for its millwork business.

21.    Defendant has used the designation LITTLETON MILLWORK in connection with millwork products and related services in interstate commerce. Said use of the designation LITTLETON MILLWORK is a false designation of origin, a false or

- 6 -

misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of defendant with plaintiff and as to the origin, sponsorship, or approval of defendant's products and commercial activities by plaintiff.

22.   Defendant's use of the LITTLETON MILLWORK mark and plaintiff's business name is likely to cause injury to plaintiff's business reputation and to dilute the distinctive quality of plaintiff's mark LITTLETON MILLWORK.

23.   Defendant's actions and conduct as alleged have been and continue to be, willful, intentional, malicious and in bad faith.

24.   Once plaintiff actually became aware that another entity apparently was selling similar goods and rendering similar services in states where plaintiff was selling goods and rendering services under the LITTLETON MILLWORK mark, plaintiff began to solidify its rights in the LITTLETON MILLWORK mark with respect to its products and services by applying for federal registrations with the Unites State Patent and Trademark Office ("USPTO").

25.   Specifically, on or about December 21, 2001 and January 25, 2002, plaintiff filed a total of three different applications with the USPTO, seeking registration of the mark LITTLETON MILLWORK. On December 21, 2001, plaintiff applied for a registration of the mark for custom manufacture of architectural woodwork and millwork for others and design of architectural woodwork and millwork for others (Serial Number 78/099704). On January 25, 2002, plaintiff applied for registration of the mark for architectural millwork exclusive of cabinets (Serial Number 78/104878) and cabinets and cabinetwork (Serial Number 78/104883).

- 7 -

26.     Despite plaintiff's clearly superior rights in the LITTLETON MILLWORK mark, defendant filed, without just cause and in bad faith, a notice of opposition to the registrations sought by plaintiff on or about January 17, 2003, a notice of which was issued by the USPTO on or about February 19, 2003.

27.     Plaintiff filed an Answer on or about March 14, 2003.

28.     Proceedings were thereafter suspended to permit the parties an opportunity to engage in settlement discussion. The parties have since attempted to resolve their differences, but to no avail. Indeed, settlement discussions have been ongoing since about the time that the opposition proceedings were filed. Defendant and its counsel, however, have, without explanation, refused to communicate further with plaintiff and its counsel.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE AND MISLEADING REPRESENTATION, FALSE DESCRIPTION AND UNFAIR COMPETITION

29.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 28 as though fully set forth herein.

30.     The LITTLETON MILLWORK mark as used by plaintiff is inherently distinctive and has become associated with plaintiff and thus exclusively identifies plaintiff's products, services, and business.

31.     Defendant's actions and conduct as alleged, including its wrongful use of the LITTLETON MILLWORK mark and business name, is likely to cause confusion, to cause mistake and/or to deceive the public as to the affiliation, connection, or association of defendant with plaintiff or as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by plaintiff.

- 8 -

32.     Defendant's acts and conduct as alleged herein constitute trademark infringement, unfair competition, false designation of origin, false and misleading representation and false description in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

33.     Defendant's actions and conduct as alleged herein have been and continue to be, willful, intentional, malicious and in bad faith.

34.     Defendant's actions and conduct as described herein make this an exceptional case within the meaning of 15 U.S.C. §1117 for purposes of an award of attorneys' fees.

35.     By such wrongful actions and conduct, defendant has caused, and unless restrained by the Court, will continue to cause, irreparable injury and damage to plaintiff, including diversion of customers, lost sales and lost profits, and harm to its business reputation and the goodwill associated with plaintiff's business and LITTLETON MILLWORK mark.

36.     An award of monetary damages alone cannot fully compensate plaintiff for its injuries and plaintiff has no adequate remedy at law.

37.     Plaintiff is entitled to a permanent injunction against defendant and to have the domain name www.littletonmillwork.com transferred to plaintiff, as well as to other remedies available under the Lanham Act, including, but not limited to, compensatory damages, enhanced damages, defendant's profits, and costs and attorneys' fees.

- 9 -

## COUNT II
## CYBERSQUATTING

38.     Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 37 of the Complaint.

39.     Plaintiff's mark LITTLETON MILLWORK as used by plaintiff was distinctive when the domain name www.littletonmillwork.com was registered by defendant.

40.     The domain name www.littletonmillwork.com is identical to plaintiff's mark LITTLETON MILLWORK.

41.     Plaintiff's mark LITTLETON MILLWORK is entitled to protection under state and federal law.

42.     Defendant's acts and conduct as alleged herein constitute cybersquatting in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(d).

43.     Defendant's actions and conduct as alleged herein have been and continue to be, willful, intentional, malicious and in bad faith.

44.     Defendant's actions and conduct as described herein make this an exceptional case within the meaning of 15 U.S.C. §1117 for purposes of an award of attorneys' fees.

45.     Defendant     registered     and     uses     the     domain     name www.littletonmillwork.com with bad faith intent to profit from the goodwill of plaintiff's LITTLETON MILLWORK mark and business name.

46.     Defendant     registered     and     uses     the     domain     name www.littletonmillwork.com to divert users from plaintiff's site to a site where customer

confusion is likely to result and plaintiff's goodwill and trademark and business reputation for quality is harmed.

47. Any and all representations and/or warranties made by defendant to the registrar as an express condition to register the domain name www.littletonmillwork.com that: (1) defendant's statements were true; (2) defendant had the right to use the registered domain name; (3) the use or registration of the domain name did not interfere with the rights of any third party in any jurisdiction with respect to trademark, service mark, trade name, company name, or any other intellectual property rights; and (4) defendant was not seeking to use the domain name for any unlawful purpose, including unfair competition, were false.

48. As a result of defendant's actions and conduct as alleged, plaintiff has suffered, and continues to suffer, harm and damages for which defendant is liable.

49. An award of monetary damages alone cannot fully compensate plaintiff for its injuries and plaintiff has no adequate remedy at law.

50. Plaintiff is entitled to a permanent injunction against defendant and to have the domain name www.littletonmillwork.com transferred to plaintiff, as well as other remedies available, including, but not limited to, compensatory damages, enhanced damages, defendant's profits, and costs and attorneys' fees.

## COUNT III
## DILUTION

51. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 50 of the Complaint.

- 11 -

52.     The mark LITTLETON MILLWORK as used by plaintiff is distinctive and has become associated with plaintiff and thus exclusively identifies plaintiff's products, services and business.

53.     Plaintiff's mark LITTLETON MILLWORK is valid at common law.

54.     Defendant's use of the LITTLETON MILLWORK mark and business name has caused and/or is likely to cause injury to plaintiff's business reputation and to tarnish, degrade or dilute the distinctive quality of plaintiff's mark LITTLETON MILLWORK.

55.     Defendant's wrongful conduct as alleged herein constitutes an extreme threat to the business reputation of plaintiff and the distinctiveness of the LITTLETON MILLWORK mark that plaintiff has expended great efforts to develop and maintain.

56.     Defendant's actions and conduct as alleged herein have been and continue to be, willful, intentional, malicious and in bad faith.

57.     Plaintiff's business reputation and the distinctive nature of the mark LITTLETON MILLWORK are of enormous value to plaintiff, and plaintiff is suffering and will continue to suffer irreparable harm if defendant's wrongful conduct is allowed to continue.

58.     Defendant's use of and dissemination of products and services under the business name and mark LITTLETON MILLWORK will continue unless enjoined by this Court.

59.     An award of monetary damages alone cannot fully compensate plaintiff for its injuries and plaintiff has no adequate remedy at law.

60.    Plaintiff is entitled to a permanent injunction against defendant pursuant to Mass. G.L. c. 110B, §12 and to have the domain name www.littletonmillwork.com transferred to plaintiff, as well as to other remedies, including, but not limited to, compensatory damages, enhanced damages, disgorgement of profits, and costs and attorneys' fees.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

61.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 60 as though fully set forth herein.

62.    Defendant's actions and conduct as alleged herein constitute infringement of plaintiff's rights in the LITTLETON MILLWORK mark and unfair competition.

63.    Defendant's actions and conduct as alleged herein have been and continue to be, willful, intentional, malicious and in bad faith.

64.    By such wrongful actions and conduct, defendant has caused, and unless restrained by the Court will continue to cause, irreparable injury and damage to plaintiff, including diversion of customers, lost sales and lost profits, and harm to plaintiff's business reputation and the goodwill associated with the LITTLETON MILLWORK mark.

65.    An award of monetary damages alone cannot fully compensate plaintiff for its injuries and plaintiff has no adequate remedy at law.

66.    Plaintiff is entitled to a permanent injunction against defendant and to have the domain name www.littletonmillwork.com transferred to plaintiff, as well as to

other remedies, including, but not limited to, compensatory damages, enhanced damages, disgorgement of profits, and costs and attorneys' fees.

## COUNT V
## UNFAIR AND DECEPTIVE BUSINESS PRACTICES

67. Plaintiff repeats the allegations set forth in paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68. At all relevant times, the parties have been engaged in the conduct of trade and commerce in the Commonwealth of Massachusetts.

69. By its actions and conduct as alleged herein, defendant has willfully and knowingly engaged in unfair or deceptive acts or practices within the meaning of Mass. G.L. c. 93A, §2 in violation of Mass. G.L. c. 93A, §§2 and 11.

70. At all relevant times, defendant's activities giving rise to plaintiff's Mass. G.L. c. 93A claim occurred primarily and substantially in the Commonwealth of Massachusetts.

71. As a result of defendant's actions and conduct as alleged herein, plaintiff has suffered, and continues to suffer, injury or loss for which defendant is liable.

72. Defendant's actions and conduct as alleged herein may have the effect of causing a loss of money or property in the future.

73. Plaintiff is entitled to a permanent injunction against defendant and to have the domain name www.littletonmillwork.com transferred to plaintiff, as well as to other remedies, including, but not limited to, compensatory damages, multiple damages, and costs and attorneys' fees.

- 14 -

## COUNT VI
## DECLARATORY JUDGMENT (28 U.S.C. §2201)

74.     Plaintiff repeats the allegations set forth in paragraphs 1 through 73 of the Complaint as if fully set forth herein.

75.     Defendant has asserted that (a) the term "LITTLETON" comprising a portion of plaintiff's mark LITTLETON MILLWORK is primarily geographically descriptive; (b) the term "MILLWORK" comprising a portion of plaintiff's mark LITTLETON MILLWORK is generic or merely descriptive of the goods and services offered under plaintiff's mark; (c) the mark LITTLETON MILLWORK is merely descriptive of plaintiff's services; (d) the mark LITTLETON MILLWORK for which registration is sought by plaintiff is not distinctive of plaintiff's services; and (e) plaintiff does not have exclusive use of the mark LITTLETON MILLWORK because defendant has used that phrase in connection with essentially identical goods and services since as early as 1993.

76.     Because plaintiff claims (a) the mark LITTLETON MILLWORK as used by it is inherently distinctive to the public and/or the mark became distinctive of plaintiff's goods and services in commerce long before any claimed use by defendant and serves primarily as a designator of origin of custom-made architectural woodwork and millwork products and related services emanating from plaintiff, and (b) that defendant has no rights in the mark LITTLETON MILLWORK and is indeed infringing on plaintiff's rights, there is an actual controversy between the parties concerning the ownership and use of the mark LITTLETON MILLWORK.

- 15 -

77.    Plaintiff seeks a declaration that plaintiff's has exclusive rights in the mark LITTLETON MILLWORK superior to those of defendant and that plaintiff is entitled to have the domain name www.littletonmillwork.com transferred to it.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff, Littleton Millwork, Inc., respectfully prays for this Court to:

(1)    Issue a permanent injunction, enjoining and prohibiting defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with defendant who receive actual notice of the Court's Order by personal service or otherwise, from:

(a)    Using the business name LITTLETON MILLWORK and the LITTLETON MILLWORK mark or any variation thereof in connection with the promotion, marketing, advertising, public relations and/or operation of its business;

(b)    diluting, blurring, passing off or falsely designating the origin of the LITTLETON MILLWORK mark, and from tarnishing, degrading, diluting the distinctive quality of plaintiff's mark LITTLETON MILLWORK, or otherwise injuring plaintiff's goodwill and business reputation;

(c)    doing any other act or thing likely to induce the belief that defendant's businesses, services or products are in any way connected with, sponsored, affiliated, licensed, or endorsed by plaintiff;

(d)    using plaintiff's LITTLETON MILLWORK mark for goods or services, or on the Internet, or as domain name, e-mail addresses, metatags,

- 16 -

invisible data, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of defendant with plaintiff;

(2) Order that defendant file with this Court and serve upon plaintiff within thirty (30) days after service of the permanent injunction and/or other Order of this Court a report in writing under oath, setting forth in detail the manner and form in which defendant has complied with the permanent injunction and other mandatory relief;

(3) Award plaintiff its actual damages sustained as a result of defendant's wrongful actions and conduct in an amount to be determined at trial;

(4) Award to plaintiff both as an equitable remedy and as a measure of its damages all of defendant's profits made as a result of defendant's wrongful actions and conduct;

(5) Award plaintiff under 15 U.S.C. §1117(a) enhanced damages, up to three times defendant's profits made as a result of defendant's wrongful actions and conduct or up to three times plaintiff's actual damages, whichever is greater;

(6) Order that this case be deemed an exceptional case under 15 U.S.C. §§1117(a) and (b) and that defendant be deemed liable for and ordered to reimburse plaintiff for its reasonable attorneys' fees and costs;

(7) Award plaintiff multiple damages on account of defendant's willful and knowing violation of Mass. G.L. c. 93A, §§ 2 and 11;

(8) Award plaintiff attorneys' fees on account of defendant's violation of Mass. G.L. c. 93A, §§ 2 and 11;

(9) Award plaintiff exemplary damages for defendant's willful, intentional, malicious and bad faith acts;

(10)    Order that defendant transfer to plaintiff the domain name www.littletonmillwork.com and any other domain names that use names, words, designations, or other symbols confusingly similar to plaintiff's LITTLETON MILLWORK mark;

(11)    Issue a declaration that plaintiff's has exclusive rights in the mark LITTLETON MILLWORK superior to those of defendant and that plaintiff is entitled to have the domain name www.littletonmillwork.com transferred to it; and

(12)    Award plaintiff any other or further relief that this Court deems just and proper and/or to which plaintiff is entitled.

Respectfully Submitted,
Plaintiff,
LITTLETON MILLWORK, INC.,
By its attorneys,

Maria E. Recalde
MA Bar No. 552831
Douglas G. Verge
MA Bar No. 649242
Sheehan Phinney Bass + Green, PA
One Boston Place
38th Floor
Boston, MA 02108
Telephone: 617-897-5620
Facsimile: 617-439-9363

Dated: December 30, 2005

- 18 -